**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 12-cv-02507-MSK-MJW**

**JECENIA MIRANDA,**

    Plaintiff,

v.

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC,**

    Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO DISMISS AS MOOT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's ("RPM") Motion to Dismiss **(# 10)**, Ms. Miranda's response **(# 14)**, and RPM's reply **(# 15)**.

The facts herein are straightforward. Ms. Miranda commenced this action alleging a violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, alleging that RPM made certain false representations to her during its attempts to collect on a debt she owed. On October 2, 2012, RPM tendered an Offer of Judgment to Ms. Miranda pursuant to Fed. R. Civ. P. 68, offering to allow judgment to be taken against it on her claim in the amount of $1,001, plus reasonable attorney fees. Ms. Miranda did not accept the offer, and RPM has since withdrawn it.

RPM moves to dismiss **(# 10)** Ms. Miranda's Complaint for lack of subject matter jurisdiction, contending that its Rule 68 offer granted Ms. Miranda the entirety of the relief she could obtain in this matter, thereby rendering the action moot. Ms. Miranda contends that the

1

Rule 68 offer was not complete, in that it did not offer to include costs and limited the availability of attorney fees to those "incurred by Ms. Miranda's counsel in prosecuting the action" (a statement Ms. Miranda deems "nonsensical"). Ms. Miranda also contends that, if the Court is inclined to dismiss the matter, it enter judgment in her favor consistent with the Rule 68 offer, notwithstanding her failure to accept it.

The Court begins with the observation that the parties appear to agree on the general rule that an Offer of Judgment under Rule 68 that awards a plaintiff all of the potential relief available to her renders the case moot. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) (acknowledging that the 10th Circuit "ha[s] failed to address the question squarely," but noting that "other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims in a non-class action, the plaintiff's claims are rendered moot"). The parties also appear to agree that the offer of $1,001 meets (indeed, exceeds) the full amount of statutory damages that Ms. Miranda could recover in this action, and that Ms. Miranda is not making any claim for additional actual damages.[1]

Thus, the two questions initially presented here are: (i) whether the failure to include language awarding costs as part of the Rule 68 offer, and/or (ii) whether the offer of "attorney fees incurred by Ms. Miranda's counsel in prosecuting the action" circumscribe the offer to something less than the full relief Ms. Miranda could obtain, thus preventing it from mooting her claim.

---

[1] Ms. Miranda's response makes a passing statement to the effect that "if [she] is successful in this case, the judgment may be more favorable than the unaccepted offer," but does not explain that statement. Nothing in Ms. Miranda's response clearly asserts that she is seeking more than the $1,000 in statutory damages avaialble under 15 U.S.C. § 1692k(a)(2)(A).

Turning to the first issue, Rule 68 provides for "an offer to allow judgment on specified terms, with the costs then accrued." Although this language is ambiguous as to whether the offer itself must recite that costs are included, RPM is correct that the Supreme Court in *Marek v. Chesny*, 473 U.S. 1, 6 (1985), rendered the issue moot. There, the Court explained that:

> If an offer recites that costs are included, . . . the judgment will necessarily include costs; f the offer does not state that costs are included . . ., the court will be obligated by the terms of the Rule to include in its judgment an additional amount which, in its discretion, it determines to be sufficient to cover the costs. In either case, however, the offer has <u>allowed</u> judgment to be entered against the defendant both for damages and for costs. Accordingly, it is immaterial whether the offer recites that costs are included [or] whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that judgment <u>not</u> include costs, a timely offer will be valid.

*Id.* (emphasis in original, citation omitted). Accordingly, this Court finds that the failure of RPM's offer to include language expressly allowing an award of "costs" against it does not prevent the offer, if otherwise complete, from awarding Ms. Miranda complete relief and mooting her claim.

The Court then turns to the second question: whether the language addressing attorney fees awards Ms. Miranda complete relief. It is undisputed that a prevailing plaintiff in an FDCPA action is entitled to "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). For reasons that are perhaps known only to counsel here, RPM's offer deviates from the statutory language somewhat, offering "reasonable attorney fees incurred by Ms. Miranda's counsel in prosecuting this action." The issue is thus whether RPM's chosen language operates to offer a fee that is something less than the scope of attorney fees available under the statute.

3

Because a Rule 68 offer differs from the typical offer – it has an operative effect regardless of whether it is accepted or declined and it is not generally subject to counteroffer or negotiation -- the terms of a Rule 68 offer (at least an unaccepted one) are to be construed strictly and ambiguities resolved against the offeror. *Bosley v. Mineral County Com'n*, 650 F.3d 408, 414 (4th Cir. 2011); *compare Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 837 (6th Cir. 2005) ("we should apply general contract principles to interpret Rule 68 offers of judgment"). Here, Ms. Miranda makes a cogent point that there is some ambiguity in RPM's use of the phrase "fees incurred by Ms. Miranda's counsel." As Ms. Miranda notes, the notion of counsel "incurr[ing]" fees is somewhat inconsistent with the common and ordinary use of that term.

However, the Court declines to consider the matter further, as it appears that counsel's efforts in this matter have devolved into unproductive conduct and argument. The matter is easily resolved on a more pragmatic level. Regardless of any ambiguity in RPM's actual offer, RPM's motion makes clear that its intention was to moot the action by offering Ms. Miranda the full relief that she could obtain in this action. Regardless of whether Ms. Miranda had good cause to refuse the offer as tendered, if the offer is deemed reformed to propose complete relief, there can be no cognizable reason for Ms. Miranda to refuse to accept it.[2] In order to cure any mistakes made by either party without further belaboring this action or causing additional unproductive expenditure of attorney time, the Court will deem RPM's offer to constitute an

---

[2] Arguably, Ms. Miranda might, as a matter of principle, demand her day in court and insist that the matter be resolved at trial despite RPM's concession of liability. But since it is undisputed that the very making of the offer, whether accepted or not, moots the action by operation of law, there will be no day in court for Ms. Miranda in any event.

offer of $1,001 in statutory damages, costs, and a reasonable attorney's fee, and further deems Ms. Miranda to have accepted it.[3] The Court will enter judgment in Ms. Miranda's favor on those terms, and she may file a motion for attorney fees consistent with Fed. R. Civ. P. 54(d)(2) and D.C. Colo. L. Civ. R. 54.3.

Accordingly, RPM's Motion to Dismiss **(# 10)** is **DENIED** as moot, the Court deeming Ms. Miranda to have accepted RPM's reformed offer of judgment.

Dated this 1st day of August, 2013.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

---

[3] In doing so, the Court expresses no opinion on the question, unresolved in this Circuit, as to whether a plaintiff's good-faith refusal of an ambiguous offer, subsequently construed to amount to complete relief, operates to preclude any recovery by the plaintiff or results in entry of judgment consistent with the terms of the rejected offer. *Compare O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 575 (6th Cir, 2009) (entering judgment consistent with refused offer) *with Greisz v. Household Bank (Ill.) N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (denying any relief to plaintiff)