**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-02507-MSK-MJW

**JECENIA MIRANDA,**

    Plaintiff,

v.

**RECEIVABLES PERFORMANCE MANAGEMENT, LLC,**

    Defendant.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR ATTORNEY FEES**
_____

**THIS MATTER** comes before the Court pursuant to Ms. Miranda's Motion for Attorney Fees **(# 19)**, the Defendant's ("RPM") response **(# 21)**, and Ms. Miranda's reply **(# 22)**.

On September 21, 2012, Ms. Miranda commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On October 2, 2012, RPM made an Offer of Judgment pursuant to Fed. R. Civ. P. 68, purportedly offering Ms. Miranda all of the relief she could potentially obtain in this action. Ms. Miranda did not accept the offer, believing that RPM's peculiar wording of the offer precluded her recovery of costs of the action and the reasonable attorney fee available to prevailing FDCPA plaintiffs under 15 U.S.C. § 1692K(a)(2)(B).

RPM withdrew the offer, then moved to dismiss **(# 10)** the action as moot. This Court denied **(# 16)** the motion to dismiss, but construed RPM's offer to constitute an offer of complete

1

relief to Ms. Miranda and deemed Ms. Miranda to have accepted it. The Court thus entered judgment **(# 17)** in favor of Ms. Miranda, including an award of a "reasonable attorney fee."

In the instant motion, Ms. Miranda seeks an award of fees in the amount of $4,750, reflecting 19 hours of work at a rate of $250 per hour.[1] RPM opposed the motion, arguing generally that the hours requested by Ms. Miranda are excessive, but failed to identify any particular time entries by Ms. Miranda that RPM alleges are unreasonable.[2] RPM contends that $ 3,225 of Ms. Miranda's fees were unreasonable because they were incurred after RPM's Offer of Judgment had expired.

The parties do not dispute that the proper measure of a reasonable attorney fee is governed by the "lodestar" analysis, which requires the Court to ascertain a reasonable hourly rate for attorney time and the reasonable number of hours expended. The product of these figures, the "lodestar," is presumptively reasonable, and will be adjusted upwards or downwards only in exceptional circumstances. S*ee generally Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002).

RPM does not challenge Ms. Miranda's request for an hourly rate of $250, and in the absence of any such objection, the Court finds that rate to be reasonable.

---

[1] Ms. Miranda's motion anticipated that the Court would refer the motion to a Magistrate Judge and assumed that she would incur an additional $1,000 in fees addressing any recommendation the Magistrate Judge would make. The Court has not referred the motion, and thus, disregards Ms. Miranda's anticipation of fees above the 19 hours she actually incurred.

[2] Instead, RPM relies on various cases in which courts have reduced fee requests made by Ms. Miranda's counsel for various reasons. Because each fee request is dependent upon the particular facts of its own case, the Court finds the mere citation to other cases in which fee requests were reduced or denied entirely unpersuasive.

The Court rejects RPM's general and conclusory argument that the 19 hours claimed by Ms. Miranda are unreasonable because RPM fails to identify any <u>specific</u> billing entry that RPM contends is objectionable.

RPM's second argument is that fees incurred following RPM's Offer of Judgment were not reasonably incurred. Most of these fees – approximately $2,275 -- relate to Ms. Miranda responding to RPM's post-offer Motion to Dismiss. It is difficult for the Court to say that either side prevailed on that motion. Although Ms. Miranda's concern about the Offer's failure to mention costs was unambiguously foreclosed by existing Supreme Court precedent, the Court noted that she made a "cogent point that there is some ambiguity" in the Offer's language. The Court ultimately concluded that the behavior of both sides had "devolved into unproductive conduct and argument". The Court ultimately reformed the Offer and deemed Ms. Miranda to have accepted it.

In short, both sides acted unreasonably with regard to the Offer. Counsel should have discussed Ms. Miranda's concerns about the Offer's language in good faith, worked to clarify its language, and once the language was clarified, then resolved the case. When both parties' aggressive posturing results in unreasonable expenditures of time, the Court is not inclined to offer either side relief. However, the Court's latitude is addressing this problem is constrained by the fee shifting aspect of 15 U.S.C. § 1692K(a)(2)(B).

Since both parties share blame for bringing about RPM's Motion to Dismiss, it seems fitting that both sides "share" the unreasonable fees incurred. By virtue of the fee shifting statute, RPM pays its own fees – reasonable or unreasonable. In addition, it pays Ms. Miranda's reasonable fees. Finding that both parties contributed to the fees incurred by Ms. Miranda in

response to the Motion to Dismiss, the Court reduces the $2,275 relating to the Motion to Dismiss by 50%, thereby splitting such fees between the parties.

Accordingly, Ms. Miranda's Motion for Attorney Fees **(# 19)** is **GRANTED IN PART**, and Ms. Miranda is awarded attorney fees pursuant 15 U.S.C. § 1692k(a)(2)(B) in the amount of $ 3,612.50.  The Judgment **(# 17)** is **DEEMED AMENDED** as of this date to include that amount.

Dated this 29th day of January, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge